(No. 95-CC-3426–)

THEODORE BUCHANAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 11, 1996.*

THEODORE BUCHANAN, *pro se*, for Claimant.

JIM RYAN, Attorney General (DONALD C. McLAUGHLIN, Assistant Attorney General, of counsel), for Respondent.

ORDER

JANN, J.

This cause coming to be heard on Respondent's motion to dismiss, due notice having been given, and the Court being fully advised in the premises, makes the following findings:

According to the complaint, on May 7, 1994, Claimant was an inmate at Crossroads Community Correctional Center ("Crossroads"). At Crossroads, Claimant was in the work release program. On May 7, 1994, Claimant failed to return from work at his regularly scheduled time of 1:00 p.m. At 1:45 p.m., on May 7, 1994, Claimant was written a disciplinary report by Crossroads indicating he was in violation of Department of Corrections Rule 504c item 207.

Department of Corrections Rule 504c item 207 states:

"Unauthorized Movement or Absence.
Definition: Being anywhere without authorization, or being absent from where required to be outside the facility, or returning late or not traveling directly to/from any authorized destination without prior approval."

A warrant was issued for Claimant's arrest. 26 hours later, at 3:00 p.m. on May 8, 1994, the Claimant turned himself in to a police station. Claimant was transferred from the police station to Joliet Reception and Classification Center on May 10, 1994. On May 11, 1994, before the adjustment committee, the Claimant pled guilty to violation of Department Rule 504c item 207—unauthorized movement or absence. As a result, Claimant's work release status was revoked.

On May 27, 1994, the Claimant was transferred to the Hill Correctional Center ("Hill"). On September 22, 1994, the Claimant sought to grieve an issue of missing property to the coordinator of inmate issues. The Claimant grieved that when transferred to Hill, he had not yet received any of his property from his placement at Crossroads.

On October 11, 1994, the office of inmate issues recommended that the matter be remanded to Crossroads for review and for a report to be forwarded to the director's office within 20 days. On December 12, 1994, the office of the coordinator of inmate issues reviewed the information and recommended that Claimant's grievance be denied. On February 14, 1995, the office of the coordinator of inmate issues readdressed Claimant's grievance of missing personal property. Once again, the coordinator of inmate issues noted that Crossroads acted appropriately in denying the grievance, specifically noting that all responsibility to an inmate's property is forfeited when the inmate is away from the center for a period of time that is unauthorized.

Subsequently, on April 27, 1995, the Claimant filed this suit in the Court of Claims. Claimant now brings this claim for the conversion of his personal property by Department of Corrections officials on May 10, 1994, when he was transferred from Crossroads to Joliet Correctional Center. Claimant alleges he was not permitted to take his property with him. Claimant seeks from the Respondent the sum of $1,286.

Department of Corrections Rule—part 535, section 535.130(c) states:

"(c) Committed persons' personal property shall be deemed abandoned in the event of an unauthorized absence such as an escape, runaway, attempted escape or runaway, or failure to return to the facility."

Department of Corrections Rule—part 535, section 535.130(d) states:

"(d) The Department shall not be responsible for loss of abandoned property or for any items for which the committed person does not have an inventory record, a permit and/or receipt, or which would have been subject to an inventory but does not appear itemized on the inventory."

As stated above, the Claimant was found guilty of Dept. Rule 504c item 207 by an adjustment committee.

According to Department Rules 535.130(c) and (d), when the Claimant failed to return to Crossroads, his absence was unauthorized, and thus his personal property was deemed abandoned. The department was no longer responsible for any loss of the abandoned property.

It is hereby ordered that Claimant's action be dismissed with prejudice.